# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| ROBERT M. ROMERO, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:09-CV-117-TS |
| | ) | |
| ALFREDO MONTENEGRO, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion to Remand [DE 8], filed on May 21, 2009. The Defendant requests that the Court remand this case to the Lake Superior Court, indicates that this case was erroneously removed to this Court, and asserts that the parties are in agreement that this matter properly belongs in the state court in which this case was originally filed.

On February 28, 2009, the Plaintiff (proceeding *pro se*, but licensed as an attorney in the State of Illinois) filed a Complaint [DE 1] in the Lake Superior Court, Indiana. In his Complaint, he asserts claims for breach of contract, *quantum meruit*, and defamation per se related to his representation of Defendant Alfredo Montenegro in a personal injury matter. On or about April 7, the Defendant was served with a Summons and the Complaint. On April 27, the Defendant (proceeding *pro se*) filed a Notice of Removal [DE 2], premising this Court's subject matter jurisdiction on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). The Notice states that the Plaintiff is a resident and citizen of Illinois, that the Defendant is a resident and citizen of Indiana, and that the amount in controversy exceeds $75,000.

On May 5, Attorney Vaughn A. White filed a Notice of Appearance [DE 5] on behalf of Defendant Montenegro. On May 21, the Defendant filed his Motion to Remand, requesting that

the Court remand this case to the Lake Superior Court. The Motion states that the *pro se* Defendant erroneously claimed diversity jurisdiction when he removed this case to this Court. The Motion notes that the Defendant is a citizen of Indiana and that the Defendant's new counsel contacted the Plaintiff and informed him that the Defendant would file a remand motion. In addition to representing that the parties agree that this matter properly belongs in the Lake Superior Court, the Motion asserts that the *pro se* Defendant's Notice of Removal was not intended to be vexatious or for any improper purpose.

The federal removal statute, 28 U.S.C. § 1441, provides that a diversity action is removable if the requirements for diversity jurisdiction under 28 U.S.C. 1332 are met and "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought," 28 U.S.C. § 1441(b). Thus, the forum defendant rule in section 1441(b) forbids removal when a properly joined and served party/defendant is a citizen of the forum state. In this case, there is no dispute that the Defendant is a citizen of Indiana and that this case was originally filed in an Indiana state court. As a consequence, this case was improperly removed to this Court. Additionally, the Defendant filed this Motion to Remand within the thirty-day period set by federal statute. *See* 28 U.S.C. § 1447(c) (providing that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)"); *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 380 (7th Cir. 2000) (holding that the forum defendant rule is procedural, not jurisdictional). Therefore, the Court will grant the Defendant's Motion to Remand.

For the foregoing reasons, the Court GRANTS the Defendant's Motion to Remand [DE 8]. The Court ORDERS the Clerk of this Court to REMAND this matter to the Lake Superior Court, Indiana.

SO ORDERED on May 28, 2009.

s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT